IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AUGUST BYRON KREIS, IV,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-3321 |
| | : | |
| **PALMER TOWNSHIP** | : | |
| **POLICE DEPARTMENT**, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**Rufe, J.**                                                                                                           **January 20, 2022**

Plaintiff August Byron Kreis, IV initially filed this civil action in July of 2021, seeking damages from an allegedly wrongful arrest that occurred on November 11, 2020, in Easton, Pennsylvania. Kreis has filed a total of six complaints.[1] The Court will only consider the most recently filed Amended Complaint and will dismiss the earlier complaints without prejudice as superseded.[2] In the most recent Amended Complaint, Kreis alleges that he was wrongly arrested for possession of a firearm. According to the complaint, police officer Evan Goldstein wrote an affidavit of probable cause supporting a warrant for Kreis's arrest, even though no evidence connected Kreis to the firearm. The complaint claims that this charge was later withdrawn. Kreis also alleges that the other Defendant police officers used excessive force in arresting him. Kreis

---

[1] *See* ECF Nos. 2, 4, 5, 6, 10, and 11.

[2] *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (per curiam) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013))); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019), *cert. denied*, 140 S. Ct. 1611 (2020) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted); *see also Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (holding that "liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings").

brings claims against four police officers, including Officer Goldstein, allegedly involved in his arrest, as well as Palmer Township and the Magisterial District Judge who allegedly issued the warrant.

For the reasons stated below, the claims against Palmer Township will be dismissed without prejudice and the claims asserted against Magisterial District Judge Jacqueline Taschner will be dismissed with prejudice.

## I.  Legal Standard

Because Kreis is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).[3] The Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[4] "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"[5] Conclusory allegations do not suffice.[6] As Kreis is proceeding *pro se*, the Court construes his allegations liberally.[7]

---

[3] *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[5] *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).

[6] *Iqbal*, 556 U.S. at 678.

[7] *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## II. Claims Against Palmer Township

The most recent Amended Complaint includes a claim against Palmer Township, a Pennsylvania municipality, alleging policies and practices that condone unconstitutional behavior by municipal employees. To state a claim for municipal liability, a plaintiff must allege that the municipality's policy or custom caused the alleged constitutional violation.[8] "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was."[9] "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'"[10] "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'"[11] A plaintiff illustrates that a custom was the proximate cause of his injuries by alleging facts to show that the defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury."[12]

Alternatively, a plaintiff may state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected."[13] "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees

---

[8] *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

[9] *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009).

[10] *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)).

[11] *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)).

[12] *Id.* (internal quotations and alterations omitted).

[13] *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019).

mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights."[14]

Kreis alleges that Palmer Township has policies of "failing to properly train Police Officers in the use of discretion to avoid Constitutional violations," "condoning" employees' violations of civil rights and failing to perform disciplinary investigations into their conduct based on citizens' complaints, and "allowing its magistrate to grant law enforcement officers permission to execute actions in which obviously violate the Constitutional Rights of the community."[15] These broad, conclusory allegations do not provide sufficient facts to support a plausible municipal liability claim. The Court will therefore dismiss Kreis's claim against Palmer Township without prejudice as not plausibly supported. Plaintiff will be given the opportunity to file a further amended complaint that states a claim against the Township.

### III.    Claims Against Magisterial District Judge Jacqueline Taschner

Kreis also asserts a claim against Jacqueline Taschner, Esquire, whom he identifies as a Magisterial District Judge, in both her individual and official capacities.[16] His sole allegation against her is that she issued an arrest warrant "without any question" based on the affidavit of probable cause prepared by Defendant Goldstein.[17] However, judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction.[18] An act is taken

---

[14] *Id.*

[15] ECF No. 11 at 12.

[16]  *Id*. at 3.

[17] *Id.* at 9.

[18] *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*).

in a judge's judicial capacity if it is "a function normally performed by a judge."[19] Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'"[20] Because there is no indication that Defendant Taschner acted outside the scope of her judicial capacity, or that she acted without jurisdiction, she is absolutely immune from suit and the claim against her must be dismissed with prejudice. The official capacity claim against Taschner is effectively a claim against the state court which is barred by the Eleventh Amendment.[21] This claim, too must be dismissed with prejudice.

### IV. Conclusion

Kreis's claims against Palmer Township will be dismissed without prejudice, and Kreis will be given the opportunity to file a further amended complaint that states a claim against the Township. Kreis's claims against Magisterial District Judge Jacqueline Taschner in her individual and official capacities will be dismissed with prejudice as barred by judicial immunity and the Eleventh Amendment. Because Kreis cannot state a claim against Taschner, any amendment would be futile, and therefore, leave to amend is not granted as to Taschner and Kreis may not file an amended complaint as to Taschner. An order will be entered.

---

[19] *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000).

[20] *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).

[21] *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (Pennsylvania Courts of Common Pleas, as part of Pennsylvania's unified judicial system, share in the Commonwealth's Eleventh Amendment immunity).