IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUGUST BYRON KREIS, IV<br>　　　　Plaintiff,<br>　　v.<br>PALMER TOWNSHIP POLICE DEPARTMENT, *et al*.<br>　　　　Defendants. | CIVIL ACTION NO. 21-3321 |

MEMORANDUM OPINION

Rufe, J.                                                                                       September 30, 2024

In this action brought under 42 U.S.C. § 1983, *pro se* Plaintiff August Byron Kreis, IV seeks damages for injuries allegedly sustained due to the use of excessive force during his arrest in Easton, Pennsylvania. After certain claims and Defendants were dismissed, the case proceeded as to excessive force claims against four police officers: Patrick Clinese, James Alercia, Kenneth McPherson, and John Gillen. Defendants have moved for summary judgment, which Plaintiff opposes. For the reasons set forth below, Defendants' motion will be granted.

I.      LEGAL STANDARD

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] A fact is material if it could affect the outcome of the suit, given the applicable substantive law, and a dispute is genuine if the evidence presented is such that a reasonable jury could return a verdict

---

[1] Fed. R. Civ. P. 56(a).

for the nonmoving party.[2] In evaluating a summary judgment motion, a court "must view the facts in the light most favorable to the non-moving party," and make every reasonable inference in that party's favor.[3]

A court may not weigh the evidence or make credibility determinations at the summary judgment stage.[4] Nevertheless, the party opposing summary judgment must support each essential element of the opposition with concrete evidence in the record.[5]

## II.   BACKGROUND

Many of the relevant facts are not contested. Where they are disputed, the facts are viewed in the light most favorable to Plaintiff as the non-moving party. On November 8, 2020, Officer Goldstein of the Palmer Township Police Department responded to a walk-in report regarding a Protection From Abuse complaint.[6] The report was made by Mr. Kreis's sister, mother, and stepfather.[7] The stepfather informed Officer Goldstein that Plaintiff, a convicted felon with prior firearm related charges, possessed a black assault rifle.[8] The sister confirmed finding the rifle and ammunition in Plaintiff's bedroom.[9] The stepfather also expressed concerns about his safety, citing a previous incident where Plaintiff allegedly pointed the rifle and aimed its laser at his chest.[10] The stepfather handed over the assault rifle, ammunition, and related items

---

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[3] *Hugh v. Butler Cnty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

[4] *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998).

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

[6] Defs.' Statement of Undisputed Material Facts [Doc. No. 68-1] at ¶ 1.

[7] Defs.' Statement of Undisputed Material Facts [Doc. No. 68-1] at ¶ 2.

[8] Defs.' Statement of Undisputed Material Facts [Doc. No. 68-1] at ¶ 3

[9] Defs.' Statement of Undisputed Material Facts [Doc. No. 68-1] at ¶ 4.

[10] Defs.' Statement of Undisputed Material Facts [Doc. No. 68-1] at ¶ 5.

to Officer Goldstein, who then conducted a background check confirming the Plaintiff's prior firearm-related convictions.[11]

Officer Goldstein then obtained an arrest warrant for Mr. Kreis and a search warrant for the residence.[12] Later that evening, officers, including Defendants Gillen, McPherson, Clinese, and Alercia, arrived at the residence to execute the warrants.[13]

After speaking with Officer Gillen by phone, Mr. Kreis agreed to cooperate and left his residence.[14] Mr. Kreis was wearing shorts, a muscle shirt, and slippers.[15] Shortly after making contact with the officers, he declared that he would not be "cuffed" and began walking back toward the residence.[16] Officers then forced him to the ground, where he was tased first by Officer McPherson and then by Officer Clinese.[17] Mr. Kreis, who has epilepsy, experienced an episode, was detained, and was taken to a hospital for medical evaluation and taser probe removal.[18] He was later transferred to the police station and then to Northampton County Prison.[19]

## III. DISCUSSION

To evaluate a claim of excessive force, the court must examine "whether under the totality of the circumstances, 'the officers' actions are objectively reasonable in light of the facts

---

[11] Defs.' Statement of Undisputed Material Facts [Doc. No. 68-1] at ¶¶ 6-7.

[12] Defs.' Statement of Undisputed Material Facts [Doc. No. 68-1] at ¶ 8.

[13] Defs.' Statement of Undisputed Material Facts [Doc. No. 68-1] at ¶ 9.

[14] Defs.' Statement of Undisputed Material Facts [Doc. No. 68-1] at ¶ 11.

[15] Pl.'s Opp. Summ. J. [Doc. No. 70-1] at 1.

[16] Pl.'s Opp. Summ. J. [Doc. No. 70-1] at 1; Defs.' Statement of Undisputed Material Facts [Doc. No. 68-1] at ¶¶ 14, 18.

[17] Pl.'s Opp. Summ. J. [Doc. No. 70-1] at 1; Defs.' Statement of Undisputed Material Facts [Doc. No. 68-1] at ¶¶ 18-20.

[18] Pl.'s Opp. Summ. J. [Doc. No. 70-1] at 1; Defs.' Statement of Undisputed Material Facts [Doc. No. 68-1] at ¶¶ 24-25.

[19] Defs.' Statement of Undisputed Material Facts [Doc. No. 68-1] at ¶ 25.

and circumstances confronting them, without regard to their underlying intent or motivations.'"[20] Because "police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation," the court must consider the perspective of a reasonable officer on the scene rather than using the 20/20 vision of hindsight in evaluating reasonableness.[21]

To determine whether the officers' actions were reasonable, courts consider factors including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Courts also consider "the physical injury to the plaintiff, the possibility that the persons subject to the police action are themselves violent or dangerous, the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time."[22] At summary judgment, once a court "identif[ies] the relevant facts and draw[s] all inferences in the non-movant's favor, the reasonableness of an officer's actions is a pure question of law."[23]

In this case, all Defendants were acting pursuant to an arrest warrant for Mr. Kreis. Defendants also knew that Mr. Kreis had a felony record. As a result of the arrest, Mr. Kreis sustained headaches and bruises which resolved within a few weeks, and also suffered emotional distress.[24] In December 2022, Mr. Kreis pleaded guilty to charges resulting from the incident,

---

[20] *Kopec v. Tate*, 361 F.3d 772, 776 (3d Cir. 2004) (quoting *Graham v. Connor,* 490 U.S. 386, 397 (1989)); *see also Santini v. Fuentes,* 795 F.3d 410, 417 (3d Cir. 2015).

[21] *Graham*, 490 U.S. at 396–397.

[22] *Anglemeyer v. Ammons*, 92 F.4th 184, 188–89 (3d Cir. 2024) (internal citations omitted).

[23] *Johnson v. City of Phila.*, 837 F.3d 343, 349 (3d Cir. 2016) (citation omitted).

[24] Defs.' Statement of Undisputed Material Facts [Doc. No. 68-1] at ¶ 34; Pl.'s Opp. Summ. J. [Doc. No. 70-1] at 1.

including disarming a law enforcement officer without lawful authorization.[25] The Court examines the objective reasonableness of each Defendant's actions in conjunction with these facts.

### A. Officer Gillen

Officer Gillen reported that he was able to contact Mr. Kreis before arriving at the residence in order to avoid a standoff.[26] Mr. Kreis came out of the house but then began backing away, stating he would not be handcuffed.[27] When officers attempted to place him in custody, Mr. Kreis resisted, prompting Officer Gillen to trip him with a leg sweep, causing Officers Gillan, Mr. Kreis, and Officer McPherson to fall to the ground. Mr. Kreis continued to resist, leading Officer McPherson to use his taser. As Officer Gillen restrained Mr. Kreis's right arm, Officer Clinese arrived and deployed his taser, allowing officers to gain control and take Mr. Kreis into custody.[28]

Mr. Kreis contends that when he left his house he was wearing only "gym shorts, a muscle shirt and slippers" so could not have been hiding a weapon.[29] Mr. Kreis states that Officer McPherson did not answer when Mr. Kreis asked if he was under arrest. Mr. Kreis then turned his back on the officers, and states that after he was taken to the ground, he suffered an epileptic episode.[30]

---

[25] *Commonwealth v. Kreis*, No. CP-48-CR-0001466-2021 (Comm. Pls. Northampton Cnty.).
.[26] *See* Defs.' Statement of Undisputed Material Facts [Doc. No. 68-1] at ¶ 11.
[27] Defs.' Statement of Undisputed Material Facts [Doc. No. 68-1] at ¶¶ 15-16.
[28] Defs.' Statement of Undisputed Material Facts [Doc. No. 68-1] at ¶¶ 17-20.
[29] Pl.'s Opp. Summ. J. [Doc. No. 70-1] at 1.
[30] Pl.'s Opp. Summ. J. [Doc. No. 70-1] at 1.

The right to make an arrest includes the right to use some degree of physical coercion to effect it.[31] The officers were executing arrest and search warrants, and Mr. Kreis acknowledges that he turned away from the officers. Considering all of the circumstances, the actions of Officer Gillen in effecting the arrest were objectively reasonable.

### B. Officer McPherson

After Officer Gillen used a leg sweep to bring Mr. Kreis to the ground, where Officers Gillen and McPherson tried to bring Mr. Kreis under control, Officer McPherson deployed his taser as Mr. Kreis was resisting. The Court of Appeals for the Third Circuit has held that the use of non-lethal force is reasonable to arrest a suspect who is resisting arrest.[32] Such force may include the use of a taser.[33] Officer McPherson's use of the taser was objectively reasonable under the circumstances.

### C. Officer Clinese

Officer Clinese had been at the back of house and came around the front as Officers Gillen and McPherson were trying to bring Mr. Kreis under arrest and all three were still on the ground.[34] Officer Clinese stated that he saw Mr. Kreis attempt to grab the handle of Officer McPherson's firearm, and then deployed his taser to Mr. Kreis.[35] Mr. Kreis asserts that he was in the middle of an epileptic episode when Officer Clinese tased him.[36] There is no evidence that

---

[31] *Graham*, 490 U.S. at 396.

[32] *See Brown v. Cwynar*, 484 F. App'x 676, 679 (3d Cir. 2012) (affirming grant of judgment in favor of officer who used a taser to subdue the 73-year-old plaintiff who was resisting arrest); *Brown v. Rinehart*, 325 F. App'x 47, 51 (3d Cir. 2009) (holding that defendant officers used reasonable force when they used pepper spray on the plaintiff and delivered "stun blows" to plaintiff's head and knee to overcome his resistance).

[33] *See Brown*, 484 F. App'x at 679; *Brown v. Rowan*, No. 14-5874, 2016 WL 861331, at *4-6 (E.D. Pa. Mar. 7, 2016) (granting judgment in favor of officer who tased the plaintiff twice in quick succession where the plaintiff kicked an officer in the shin).

[34] Defs.' Statement of Undisputed Material Facts [Doc. No. 68-1] at Ex. A, ECF page 19.

[35] Defs.' Statement of Undisputed Material Facts [Doc. No. 68-1] at ¶ 20.

[36] Pl.'s Opp. Summ. J. [Doc. No. 70-1] at 1.

Officer Clinese was aware of this; only Officer McPherson's report mentions that EMS was dispatched because Mr. Kreis is epileptic.[37] Viewing the facts in the light most favorable to Mr. Kreis, a reasonable officer in Officer Clinese's position would not have known that Mr. Kreis was suffering a seizure and not actively attempting to disarm another officer. As there is no evidence that the taser was used after Mr. Kreis had been handcuffed and secured, it was objectively reasonable for Officer Clinese to deploy non-lethal force to end a potentially dangerous situation. Officer Clinese is entitled to summary judgment.

### D. Officer Alercia

Mr. Kreis asserts that after he came out of his seizure and was in full custody and control, he saw Officer Alercia holding a high powered assault weapon to Mr. Kreis's head, which caused him severe emotional distress.[38] Defendants do not dispute the actions of Officer Alercia.[39] Nevertheless, the record shows that Officer Alercia did not make any physical contact with Mr. Kreis, and this occurred while still at the scene. Based on the uncontested facts, Officer Alercia's holding a weapon at the ready did not constitute the use of excessive force under the circumstances.[40]

### IV. CONCLUSION

As a matter of law based on undisputed facts, there is no genuine dispute of material fact regarding the objective reasonableness of the Defendants' use of force in arresting Mr. Kreis. Defendants' Motion for Summary Judgment will be granted. An order will be entered.

---

[37] Defs.' Statement of Undisputed Material Facts [Doc. No. 68-1] at Ex. A, ECF page 19.

[38] Pl.'s Opp. Summ. J. [Doc. No. 70-1] at 1.

[39] Def.'s Mem. Supp. Mot. Summ. J. [Doc. No. 67-1] at 5.

[40] *See Melott v. Heemer*, 161 F.3d 117, 123 (3d Cir. 1998) (holding that during an eviction "it was objectively reasonable for the marshals to load and point their weapons in an effort to discourage resistance and ensure their own safety.").